**Electronically Filed**
**Supreme Court**
**SCPW-18-0000978**
**05-FEB-2019**
**01:32 PM**

SCPW-18-0000978

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

MILAGROS LEANO CASTRO and BENNY F. CASTRO, Petitioners,

vs.

THE HONORABLE JEANNETTE H. CASTAGNETTI, Judge of the Circuit
Court of the First Circuit, State of Hawaiʻi, Respondent Judge,

and

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES
2006-4; OWAWA HOMEOWNERS' ASSOCIATION; CACH, LLC; ASSOCIATION OF
APARTMENT OWNERS OF VALLEYVIEW MELEMANU WOODLANDS, Respondents.

---

ORIGINAL PROCEEDING
(CIV. NO. 14-1-0808)

ORDER DENYING SECOND AMENDED PETITION FOR WRIT OF MANDAMUS
AND WRIT OF PROHIBITION
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of petitioners Milagros Leano Castro
and Benny F. Castro's "Second Amended Real Emergency Petition for
a Writ of Mandamus with Prohibition and Prayer for Restraining
Order and Permanent Injunction," filed on January 18, 2019, the
respective supporting documents, and the record, it appears that
petitioners, who currently have an appeal pending in CAAP-18-
0000761, fail to demonstrate that they have a clear and
indisputable right to the relief requested from this court and
that they lack alternative means to seek relief.  Petitioners,

therefore, are not entitled to the requested extraordinary writ. See Kema v. Gaddis, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; such a writ is not intended to supersede the legal discretionary authority of the lower court, nor is it intended to serve as a legal remedy in lieu of normal appellate procedures); Gannett Pac. Corp. v. Richardson, 59 Haw. 224, 226, 580 P.2d 49, 53 (1978) (a writ of prohibition is an extraordinary remedy; it is not meant to serve as a legal remedy in lieu of normal appellate procedures).  Accordingly,

IT IS HEREBY ORDERED that the second amended petition for writ of mandamus and writ of prohibition is denied.

DATED: Honolulu, Hawaiʻi, February 5, 2019.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

